UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TRACY LYNN HARRIS, | ) | |
| *Plaintiff*, | ) | |
| v. | ) | No.: 3:12-cv-321 |
| | ) | *Phillips* |
| DAVID OSBORNE, et al., | ) | |
| *Defendants*. | ) | |

## **MEMORANDUM**

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983 filed by plaintiff Tracy Lynn Harris ("plaintiff"). The matter is before the court on the motion to dismiss filed by defendants Schofield and Allison, and plaintiff's response thereto; the motion for summary judgment filed by defendants Schofield, Allison, and Hearne, and plaintiff's response thereto; and several non-dispositive motions filed by the plaintiff. For the following reasons, the motion for summary judgment filed by defendants Schofield, Allison, and Hearne will be **GRANTED**. Plaintiff's motion for appointment of counsel will be **DENIED** and all other pending motions will be **DENIED** as **MOOT**. In addition, the matter will be **DISMISSED WITHOUT PREJUDICE** as to the remaining defendants, and this action will be **DISMISSED IN ITS ENTIRETY**.

I. Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). "Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (internal quotations marks omitted). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

II. Procedural and Factual Background

Plaintiff is in the custody of the Tennessee Department of Correction (TDOC). His complaint concerns certain events that happened at Morgan County Correctional Complex (MCCX); plaintiff is now confined in the West Tennessee State Penitentiary. The defendants are TDOC Commissioner Derrick Schofield, former MCCX Warden David Osborne, former Assistant Warden Rick Elmore, Internal Affairs Sergeant Tim Hearne, Internal Affairs Special Agent Mike Allison, Unit Manager Fred James, and Inmate Counselor Carmen Marie Wolfenbarger.

Plaintiff alleges that he was repeatedly assaulted sexually and physically by defendant Wolfenbarger, that she exposed plaintiff to the sexually transmitted disease of hepatitis, and that she required plaintiff to sell contraband to other inmates for her personal monetary gain. Plaintiff further alleges that he was convicted without notice of the disciplinary infraction of solicitation of staff as a result of his association with defendant Wolfenbarger. Plaintiff claims that defendants Schofield, Osborne, Elmore, Hearne, and Allison were aware of defendant Wolfenbarger's criminal activities for several months while she was under investigation and thus allowed her continued exploitation of plaintiff. Plaintiff also claims that the prison officials, including defendant James, refused to allow plaintiff to report the sexual assaults. Plaintiff further claims that he was denied medical care for a sexually transmitted disease.

Process was returned executed as to defendants Schofield, Allison, Hearne, and Wolfenbarger. Process was returned unexecuted on August 17, 2012, as to defendants Osborne, Elmore, and James. Defendants Schofield and Allison have filed a motion to dismiss the complaint for failure to state a claim, in which they state they had no personal involvement in the alleged violation of plaintiff's civil rights. Defendants Schofield and Allison, along with defendant Hearne, have also filed a motion for summary judgment based upon plaintiff's alleged failure to exhaust his administrative remedies. Defendant Wolfenbarger has not filed an answer or other response to the complaint. There are also pending plaintiff's second motion to appoint counsel and two motions to compel production of documents filed by plaintiff.

III. Discussion

*A. Motion for Summary Judgment*

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

4

Defendants Schofield, Allison, and Hearne move for summary judgment on the basis that plaintiff did not exhaust his available administrative remedies. Pursuant to the Prison Litigation Reform Act (PLRA), before a prisoner may bring a civil rights action pursuant to 42 U.S.C. §1983, he must exhaust all available administrative remedies. 42 U.S.C. § 1997e. "There is no question that exhaustion is mandatory under the PRLA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (abrogating the Sixth Circuit's rule that plaintiffs must plead administrative exhaustion and holding that failure to exhaust administrative remedies is an affirmative defense to be established by defendants). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 584 U.S. 81, 93 (2006). This means the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88.

In response to the motion for summary judgment, plaintiff admits that a number of his claims were not exhausted and are subject to dismissal. [Doc. 42, Memorandum in Opposition, p. 2]. Nevertheless, he insists that his claims of assault, denial of the use of the telephone, and disciplinary segregation were exhausted. In support, plaintiff has provided the court with copies of two grievances he filed. [*Id*., Attachment 1, pp. 1-15].

In grievance MX-13594, plaintiff stated that Warden Osborne subjected plaintiff to disciplinary segregation without due process and based upon fabricated documents. No mention was made in the grievance to defendants Schofield, Allison, or Hearne. In grievance MX-12882, plaintiff simply stated that he had been denied access to the telephone to call the

5

sexual assault hot line and made a passing reference to the warden and unit manager. Again, no mention was made in the grievance to defendants Schofield, Allison, or Hearne. Based upon the record, plaintiff did not exhaust his administrative remedies as to defendants Schofield, Allison, or Hearne prior to filing his complaint and his complaint is subject to dismissal for failure to exhaust. Accordingly, defendants Schofield, Allison, and Hearne are entitled to judgment as a matter of law and their motion for summary judgment will be **GRANTED**. The court having granted the motion for summary judgment filed by defendants Schofield, Allison, and Hearne, the motion to dismiss filed by defendants Schofield and Allison [Doc. 23] will be **DENIED** as **MOOT**.

### *B. Non-Dispositive Motions*

Plaintiff has filed a second motion to appoint counsel. The court previously denied a motion to appoint counsel. The court sees no reason to alter that decision and thus, for the reasons previously stated, the motion to appoint counsel [Doc. 26] will be **DENIED**.

Plaintiff's motions to compel production of documents relate to documents he claims he needs in order to respond to the motion to dismiss. The motion to dismiss having been rendered moot, plaintiff's motions to compel production of documents [Docs. 28 and 46] will be **DENIED** as **MOOT**.

### *C. Remaining Defendants*

As noted, process was returned unexecuted on August 17, 2012, as to defendants David Osborne, Rick Elmore, and Fred James. Service of the summons and complaint has not been made on defendants Osborne, Elmore, and James within 120 days after process

6

issued and the plaintiff has not shown good cause why service was not made within that period. Accordingly, this action should be dismissed without prejudice as to defendants Osborne, Elmore, and James. Rule 4(m) of the Federal Rules of Civil Procedure.

Also as noted, although defendant Wolfenbarger was served with process on August 7, 2012, she has failed to respond to the complaint and plaintiff has not moved for entry of judgment by default. Accordingly, this action should be dismissed without prejudice as to defendant Wolfenbarger. *See* Rule 41(b) of the Federal Rules of Civil Procedure. There being nothing further to be done in the case, this action will be dismissed in its entirety.

IV.  Conclusion

Plaintiff's motion for appointment of counsel will be **DENIED**. The motion for summary judgment filed by defendants Schofield, Allison, and Hearne will be **GRANTED**. All other pending motions will be **DENIED** as **MOOT**. In addition, the matter will be **DISMISSED WITHOUT PREJUDICE** as to the remaining defendants, and this action will be **DISMISSED IN ITS ENTIRETY**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                                            s/ Thomas W. Phillips
                                         United States District Judge